## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

VANESSA PRADA, KRISTY
LOCKWOOD, DEMETRIC GREEN
and JIMMY WALKER,

       Plaintiffs,

v.                                            Case No:   2:16-cv-850-FtM-99CM

DCS ENTERPRISES, INC., DAVID
STEWART and SUE STEWART,

       Defendants.

_____

### ORDER

This matter comes before the Court upon review of Plaintiffs' Motion to Strike

Portions of Defendants' Answer & Affirmative Defenses, Memorandum of Law in

Support and Certificate of Good Faith (Doc. 15) filed on February 10, 2017.   Plaintiffs

seek to strike portions of Defendants' Answer, arguing that that they fail to clearly

admit or deny certain allegations.   Doc. 15 at 1.   Plaintiffs also argue that many of

the Defendants' Affirmative Defenses must be stricken because they either are devoid

of any facts or, alternatively, are not recognized as proper affirmative defenses in Fair

Labor Standards Act cases.   *Id.*   Defendants have responded, disputing that

Plaintiffs complied with Rule 3.01(g) prior to filing the instant motion.   Doc. 16.

Local Rule 3.01(g) requires that each motion filed in a civil case, with certain

enumerated exceptions not at issue here, contain a statement "stating whether

counsel agree on the resolution of the motion," and further provides that a statement

to the effect that counsel for the moving party attempted to confer with counsel for

the opposing party but counsel was unavailable is "insufficient to satisfy the parties'

obligation to confer."   M.D. Fla. R. 3.01(g).   Here, Plaintiff's counsel certifies that

> he conferred, in writing, with the defense counsel about the issues raised
> in this Motion on January 26, 2017. The undersigned laid out, in writing,
> the deficiencies as set forth herein. On February 1, 2017, defense counsel
> stated she would make "some changes" to the Answer & Affirmative
> Defendants, however, she never did. Moreover, the undersigned also
> called the defense counsel by telephone about the issues raised in this
> Motion, however, the Defendants did not respond telephonically or
> otherwise amend the Answer & Affirmative Defenses, as requested.

Doc. 15 at 8.   Defendants' counsel, on the other hand, states that "Plaintiff's counsel

gave a 'deadline' to respond to his request no later than Friday February 1, 2017."

Doc. 16 at 2.   When Defendants' counsel responded by February 1, 2017 that she

would be making some changes "consistent with your request," Plaintiffs' counsel

requested information on what changes she was not willing to make and by what date

she would be making the changes.   *Id.*   Defendants' counsel does not address the

telephone calls to her; however, she denies that she ever saw the instant motion or

was consulted regarding it prior to its filing.   *Id.*

Based on the parties' submissions, the Court will deny without prejudice the

instant motion for failure to comply with Local Rule 3.01(g).   *See* M.D. Fla. R. 3.01(g).

Rule 3.01(g)'s duty to confer requires a good faith conference, which means a

substantive discussion in a good faith effort to resolve the dispute without court

intervention.   It does not include exchange of ultimatums or attempts to confer that

do not result in a meaningful and substantive discussion.   Simply put, the Court

cannot overstate the importance of Local Rule 3.01(g) in helping avoid needless

litigation, as it fosters communication between the parties and helps resolve disputes without court intervention.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Strike Portions of Defendants' Answer & Affirmative Defenses, Memorandum of Law in Support and Certificate of Good Faith (Doc. 15) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of March, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record