# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between **Vanessa Prada** and DCS ENTERPRISES, INC., a foreign for-profit Corporation d/b/a CHARLEY'S STEAKERY, and DAVID STEWART, individually, and SUE STEWART, individually. Whereby the parties desire to, settle and resolve all existing and potential disputes between Vanessa Prada and DCS ENTERPRISES, INC., a foreign for-profit Corporation d/b/a CHARLEY'S STEAKERY, and DAVID STEWART, individually, and SUE STEWART, individually.

DCS ENTERPRISES, INC., a foreign for-profit Corporation d/b/a CHARLEY'S STEAKERY, and DAVID STEWART, individually, and SUE STEWART, individually, its agents, administrators, officials, insurers, reinsurers, attorneys, employees, officers, and directors (all whether former or present) thereof (hereinafter collectively known as "Releasees"), and **Vanessa Prada**, her agents, heirs, executors, administrators, successors and assigns, attorneys, spouse, and anyone who may claim by and through her (hereinafter collectively known as "Plaintiff"), agree as follows:

## RECITALS

A.  **Definitions.** For purposes of this Agreement, the following Definitions will apply:

   1. **Effective Date.**   The "Effective Date" of this Agreement is the date of signature by **Vanessa Prada**.

   2. **Action.**   The term "action" shall mean the action styled *Vanessa Prada v. DCS ENTERPRISES, INC., a foreign for-profit Corporation d/b/a CHARLEY'S STEAKERY, and DAVID STEWART, individually, and SUE STEWART, individually,* currently pending in the United States District Court in and for the Middle District of Florida, bearing the case number 2:16-CV-850-UA-CM.

   NOW, THEREFORE, in consideration of the recitals above, the covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties, intending legally to be bound, covenant and agree as follows:

   B. **Payments and Benefits.** In consideration for signing this Agreement and General Release and compliance with the promises and covenants made herein and in accordance with its terms, The Releasees shall pay to Plaintiff the total sum of THREE THOUSAND DOLLARS AND ZERO CENTS (**$3,000.00**) by **PNC Bank Cashier's Check No. 0811906** (hereinafter the "Settlement Amount") in damages as set forth below, in full and final settlement and resolution of all claims Plaintiff has, had, or may have against The Releasees. The Releasees shall issue an IRS Form 1099, and any other appropriate IRS

forms, to Prada to reflect this payment and shall not deduct any additional employer or employee taxes from that amount. Prada shall be responsible for paying any income taxes due. Plaintiff shall be solely and exclusively responsible for all taxes and tax liability related to such payment, including interest and penalties and agrees no tax advice has been given by counsel for DCS ENTERPRISES, INC., a foreign for-profit Corporation d/b/a CHARLEY'S STEAKERY, and DAVID STEWART, individually, and SUE STEWART, individually.

Plaintiff will indemnify, defend and hold harmless The Releasees from any and all damages, claims, liens, known or unknown, including but not limited to any attorney's fees sought by such entities.

**C.   General Release.** Except as specifically set forth herein, Plaintiff hereby forever, unconditionally and irrevocably releases, settles, acquits, remises and discharges The Releasees, its insurers, employees, officers, directors, agents, administrators, officials, reinsurers, and attorneys (whether former or present) in their official and individual capacities, their heirs and legal representatives, executors, administrators, successors and assigns, from any and all claims and demands, actions, causes of action, damages, expenses, or costs of whatever nature including, but not limited to any alleged violations of any of the following:

- The National Labor Relations Act, as amended;
- Title VII of the Civil Rights Act of 1964, as amended;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended ("ERISA");
- The Immigration Reform Control Act, as amended;
- The Age Discrimination and Employment Act ("ADEA");
- The Older Workers Benefit Protection Act (OWBPA);
- The Americans with Disabilities Act of 1990, as amended ("ADA");
- The Fair Labor Standards Act, as amended ("FLSA");
- The Occupational Safety and Health Act, as amended ("OSHA");
- The Family and Medical Leave Act of 1993, as amended ("FMLA");
- The Florida Civil Rights Act, as amended;
- The Florida Equal Pay Law, as amended;
- The Florida Wage Discrimination Law, as amended;
- The Florida State Wage and Hour Laws, as amended;
- The Florida Occupational Safety and Health Laws, as amended;
- All alleged claims for handicap or disability discrimination; age discrimination; national origin discrimination, gender discrimination, sex discrimination, race discrimination, retaliation, whistle blowing, breach of contract, rescission or promises, whether pursuant to Federal or State law, in law or equity;
- Torts of all kind, including but not limited to, misrepresentation, negligence or otherwise, fraud, defamation, libel, slander, worker's compensation retaliation, interference with an advantageous business relationship, battery, negligence,

intentional infliction of emotional distress, negligent security, invasion of privacy, negligent hiring, negligent retention, discrimination, claims or rights under State and Federal Whistle Blower legislation, including Sections 448.101 through 448.105, Florida Statutes, the Consolidated Omnibudget Reconciliation Act ("COBRA"), the Older Workers Benefits Protection Act ("OWBPA"), and any other claims of any kind, whether pursuant to Federal or State law, in law or equity;

- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; or
- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

Plaintiff specifically waives any right of action and administrative or judicial relief which she might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes, regulations, federal executive orders, county and municipal ordinances and regulations, or any claim arising out of Plaintiff's employment relationship with The Releasees.

Plaintiff and The Releasees mutually acknowledge and agree that the release set forth herein is a general release and Plaintiff further expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which the parties do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect either or both parties' decision to enter into this Agreement. Plaintiff further agrees that payment of the sum specified above has been accepted as a complete compromise of matters involving disputed issues of law and fact, and Plaintiff assumes the risk that the facts or law may be otherwise than currently believed.

**D. Affirmations.** Plaintiff affirms that she will cause to be dismissed with prejudice each and every claim, complaint, action or charge of discrimination, with any agency, including but not limited to the Federal Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), Florida Department of Labor and Employment Security/Florida Agency for Workforce Innovation/Florida Department of Economic Opportunity, or any other federal, state or local agency, against The Releasees (individually or collectively), in any forum or form. **Plaintiff will cause to be filed a Dismissal with Prejudice in the Action currently pending in the United States District Court in and for the Middle District of Florida, bearing the Case number 2:16-CV-850-UA-CM.** Plaintiff further agrees that she will not voluntarily assist in the investigation or litigation of any claims, charges, or controversies brought by any person or entity against The Releasees (individually or collectively). However, Plaintiff will be allowed to speak to any State, County, or Federal investigator that initiates contact with her. Plaintiff will be allowed to speak freely with her attorneys, and accountants/tax preparer. Nothing in this agreement prevents Plaintiff from testifying truthfully in any action subject to a Court Order or a subpoena. Plaintiff furthermore affirms that she has been paid and/or has received all compensation, wages, bonuses,

3

commissions and/or benefits to which he is entitled and that no other compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided in this Agreement.

Plaintiff furthermore affirms that she has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which she is entitled and that no other compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement.

E.     **Non-disparagement.** Plaintiff agrees not to take any action which shall defame, The Releasees, its insurers, reinsurers, attorneys, agents, representatives or employees. This language does not, of course, prohibit lawful testimony.

F.     **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provisions shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

G.     **No Admission of Wrongdoing.** Plaintiff and The Releasees agree that neither this Agreement nor the furnishing of the consideration for this Agreement and its Releases shall be deemed or construed at any time for any purpose as an admission by either Plaintiff or The Releasees of any liability or unlawful conduct of any kind, or that one party has any rights whatsoever against the other or against any of the other released parties. The parties specifically acknowledge that The Releasees is agreeing to the consideration referenced above solely to avoid the cost and business disturbance brought about by litigation.

H.     **Amendment.**     This Agreement and General Release may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement and General Release.

I.     **Breach of Agreement and General Release; Attorney's Fees and Costs.** The foregoing General Release shall not be construed to cover any breaches or violations of the terms and provisions of this Agreement, and the violating party shall be liable to the non-violating party in damages for breach of the Agreement set forth herein. Should legal action ensue between the parties hereto for alleged breach or for enforcement of the Agreement, the venue of such actions shall be the 20th Judicial Circuit, in and for Lee County, Florida.

J.     **Severability.** Each provision of this Agreement is intended to be fully severable. If any court of competent jurisdiction determines that any provision of this Agreement is illegal, invalid or unenforceable in any manner, the remainder of this Agreement will remain in force, unless the Release is deemed unenforceable in which case, the entire

4

Agreement will be null and void.

K.   **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with his decision to sign this Agreement, except for those set forth in this Agreement.

L.   **Copies and Originals.** This Agreement may be executed separately and copies shall be considered originals to the extent necessary.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEM BY THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST DCS ENTERPRISES, INC., A FOREIGN FOR-PROFIT CORPORATION D/B/A CHARLEY'S STEAKERY, AND DAVID STEWART, INDIVIDUALLY, AND SUE STEWART, INDIVIDUALLY.

PLEASE READ CAREFULLY, THIS AGREEMENT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS, EXCEPT AS OTHERWISE SPECIFICALLY SET FORTH HEREIN.

DATED, in Lee County, Florida, this __10__ day of ___April___ 2017.

(THIS SPACE INTENTIONALLY LEFT BLANK)

IN WITNESS WHEREOF, I hereunto set my hand and seal this __10__ day of ___April___, 20_17_.

_____
Vanessa Prada

5

STATE OF FLORIDA   )
                   ) SS
COUNTY OF Lee      )

On this, the 10th day of April, 2017, before me, the undersigned Notary Public of the State of Florida, personally appeared, Vanessa Prada, who is personally known to me or has produced FL Drivers License as identification, and who did/did not take an oath and whose name is subscribed to the within instrument and he/she acknowledged that it was executed by him/her.

Seal:   PATRICIA A. ELLIS
        MY COMMISSION # FF 015711
        EXPIRES: May 21, 2017
        Bonded Thru Budget Notary Services

_____
NOTARY PUBLIC STATE OF FLORIDA

ID: FL Driver License # P636-860-80-943-1.

IN WITNESS WHEREOF, I hereunto set my hand and seal this _____ day of _____, 20_____.

By: _____

Its: PRESIDENT
DCS ENTERPRISES, INC., A FOREIGN FOR-PROFIT CORPORATION D/B/A CHARLEY'S STEAKERY, AND DAVID STEWART, INDIVIDUALLY, AND SUE STEWART, INDIVIDUALLY.

6

STATE OF FLORIDA        )
                        ) SS
COUNTY OF LEE   )

On this, the 10th day of May, 2017, before me, the undersigned Notary Public of the State of Florida, personally appeared, David Stewart, on behalf of the Releasees, who are personally known to me or has produced Valid Florida Driver License as identification, and who did/did not take an oath and whose name is subscribed to the within instrument and he/she acknowledged that it was executed by him/her.

Seal:

_____
NOTARY PUBLIC STATE OF FLORIDA



PATRICIA A. ELLIS
MY COMMISSION # FF 015711
EXPIRES: May 21, 2017
Bonded Thru Budget Notary Services

7