UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VANESSA PRADA, KRISTY
LOCKWOOD, DEMETRIC GREEN
and JIMMY WALKER,

    Plaintiffs,

v.                                          Case No: 2:16-cv-850-FtM-38CM

DCS ENTERPRISES, INC., DAVID
STEWART and SUE STEWART,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion by Plaintiffs Kristy Lockwood ("Lockwood") and Demetric Green ("Green"), and the Defendants, for Approval of Settlements and Dismissal of Their Claims with Prejudice (Doc. 50) filed on August 18, 2017. The parties request that the Court approve the settlement of Lockwood's and Green's Fair Labor Standards Act ("FLSA") claims and dismiss their claims with prejudice.[2] Doc. 50. The parties provided a copy of their settlement agreements for the Court's review. Doc. 50-1.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Plaintiffs Jimmy Walker ("Walker") and Vanessa Prada ("Prada") are proceeding *pro se* and did not join in this motion. Doc. 50 at 1 n.1.

To approve a FLSA settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court may consider the following factors: (1) the existence of fraud or collusion behind the

settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See, e.g.*, *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14–cv–63–Orl–28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

On November 28, 2016, Plaintiffs filed a Complaint against Defendants, DCS Enterprises, Inc. ("DCS"), doing business as Charley's Steakery, and David Stewart and Sue Stewart individually (collectively, "Defendants"), alleging violations of the FLSA. Doc. 1 ¶¶ 28-46. Specifically, Walker sought relief for both unpaid overtime and minimum wages. Doc. 1 ¶¶ 28-46. Prada, Lockwood and Green sought relief solely for unpaid overtime. *Id.* ¶¶ 28-36.

With regard to Lockwood, the Complaint alleges that Defendants employed Lockwood from on or about January 5, 2015 to August 29, 2016 as a "grill person" and cashier. *Id.* ¶ 19. Lockwood's hourly rate was $8.50. *Id.* ¶ 20. Lockwood alleges that, during her employment, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half. *Id.* ¶ 30. On March 7, 2017, Lockwood filed answers to the Court's interrogatories, in which she estimated Defendants owed her $8,719.00 in unpaid overtime wages. Doc. 17-1 at 2.

Next, the Complaint alleges that Defendants employed Green as an assistant manager and "crew leader" from January 2014 to November 4, 2016 at an hourly rate

of $9.50. Doc. 1 ¶¶ 21-22. Green alleges that, during his employment, he worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half. *Id.* ¶ 30. On March 7, 2017, Green filed answers to the Court's interrogatories, in which he estimated Defendants owe him $14,632.59[3] in unpaid overtime wages. Doc. 17-2 at 2.

Pursuant to the settlement agreement, Defendants agree to pay Lockwood and Green $3,000.00 each in full and final settlement and resolution of their claims arising under the FLSA. Doc. 50-1. The parties argue that the settlement is a fair and reasonable compromise of Lockwood's and Green's FLSA claims. Doc. 50 at 4-8. The parties provide several factual disputes that make the settlement attractive to them. *Id.* at 5-6. First, DCS denies that it is a "covered enterprise" or that it meets the $500,000.00 threshold for being covered by the FLSA. *Id.* at 5. Second, the parties dispute the number of hours worked by Lockwood and Green and the accuracy of the relevant payroll records. *Id.* at 5-6. Third, the parties dispute whether the individual Defendants meet the FSLA's definition of "employer" and would be subject to personal liability. *Id.* at 6. The parties also allege that DCS ceased to operate. *Id.*

Furthermore, the parties assert that both parties were represented by experienced counsel. *Id.* at 6-7. Given the complexity, expense, and length of future litigation, the parties contend that continued litigation would force them to engage in significant discovery, motion practice and a costly trial. *Id.* at 7. The parties also

---

[3] $13,492.59 from January 6, 2014 to December 19, 2015, and an additional $1,140.00 from August 15, 2016 to October 29, 2016. *Id.*

state that they reached the settlement after conducting sufficient investigation and exchanging adequate information. *Id.* Lastly, the parties claim that Green's and Lockwood's probability of success and amount of future recovery are uncertain. *Id.* at 7-8.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court would be inclined to find the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond*, 2014 WL 2861483.

Lockwood and Green previously moved for the Court's approval of their prior settlement agreements. Doc. 47. The Court denied without prejudice their motion because Lockwood's prior settlement agreement contained a non-disparagement clause and her general release and other pervasive releases, and Green did not provide a copy of his settlement agreement for the Court's review. Doc. 49 at 6-10. Here, the parties cured the deficiencies by having Green provide a copy of his settlement agreement and removing the non-disparagement clause and Lockwood's general release and other pervasive releases from Lockwood's settlement agreement. Doc. 50-1.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorney's fees and costs were agreed upon separately and without regard to the amount paid to Green and Lockwood. Doc. 50 at 8. As part of the settlement, Defendants agree to pay each Lockwood's and Green's attorney's fees and costs in the amount of $10,000.00. Doc. 50-1.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion by Plaintiffs Kristy Lockwood and Demetric Green, and the Defendants, for Approval of Settlements and Dismissal of Their Claims with Prejudice (Doc. 50) be **GRANTED,** and the Settlement Agreements (Doc. 50-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiffs Kristy Lockwood and Demetric Green

**DONE** and **ENTERED** in Fort Myers, Florida on this 24th day of August, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record