UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VANESSA PRADA and JIMMY
WALKER,

      Plaintiffs,

v.

Case No: 2:16-cv-850-FtM-38CM

DCS ENTERPRISES, INC., DAVID
STEWART and SUE STEWART,

      Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the file. On April 24, 2017, the parties filed a Report Regarding Settlement that Defendant David Steward settled directly with Plaintiffs Jimmy Walker and Vanessa Prada. Doc. 30. On April 26, 2017, the Court ordered Walker, Prada and Defendants to file any settlement agreements for the Court's review because Prada's and Walker's claims were brought under the Fair Labor Standards Act ("FLSA"). Doc. 31.

On May 10, 2017, Walker filed a Notice of Settlement, notifying the Court that he settled his FLSA claim with Defendant David Stewart. Doc. 34. Walker did not provide any settlement agreement for the Court's review. *Id.* On May 11, 2017, Defendants provided the Court with a Settlement Agreement and General Release

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

entered among them and Prada, which showed that the parties attempted to settle Prada's FLSA claim. Doc. 35. Defendants did not, however, provide necessary information for the Court to evaluate their agreement. Doc. 40 at 2-3. Accordingly, on May 30, 2017, the Court ordered Prada, Walker and Defendants to show cause on or before June 12, 2017 as to why they did not fully comply with the Order (Doc. 31). *Id.* at 4.

On August 7, 2017, the Court took no further action on the Order to Show Cause because the parties attempted to comply with the Order. Doc. 49 at 15. Instead, the Court scrutinized Prada's settlement agreement and found that the agreement was not fair and reasonable because it contained a general release of claims, a non-disparagement clause and pervasive releases outside of Prada's FLSA claim. *Id.* at 11-12. Walker still had not provided any settlement document for the Court's review. *Id.* at 12-15. As a result, the Court again directed Walker and Prada "to file individual Settlement Agreements or other relevant documents memorializing the settlements, with the offending provisions removed and clarifications consistent" with the Order on or before August 21, 2017. *Id.* at 15. Walker and Prada did not comply with the Court's Order (Doc. 49).

Accordingly, the Court directed Walker and Prada on or before September 6, 2017 to show cause why their claims should not be dismissed for their failure to comply with the Order. Doc. 52. The Court warned that "[t]heir failure to respond to this Order to Show Cause will result in the Court recommending their claims be

dismissed for failure to prosecute." *Id.* As of this date, Walker and Prada have not responded to the Court's Order to Show Cause.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Here, Walker, Prada and Defendants have not provided sufficient settlement documents for the Court's review under *Lynn's Food Store*. *See id.* Accordingly, the Court is unable to determine whether their settlement agreements are fair and reasonable. *See id.* at 1355. Nonetheless, because the parties allege that they have settled Prada's and Walker's FLSA claims, the Court recommends dismissing without prejudice all claims asserted by Prada and Walker. Doc. 30.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

The claims of Plaintiffs Vanessa Prada and Jimmy Walker be **DISMISSED without prejudice**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 4th day of October, 2017.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties